PEABODY BUGGY CO., Appellee, v. COOPER & COLLINS et al., Defendants, FIRST NATIONAL BANK, Garnishee, Appellant.

‡ARNISHMENT: Controverting Answer of Garnishee—Jury Question—Partnership Funds. Issue joined in a garnishment proceeding by the judgment plaintiff of a partnership, on the allegation that the garnishee had properly accounted for all partnership funds by the discharge of partnership obligations, presents a jury question.

*Appeal from Crawford District Court.*—M. E. HUTCHISON, Judge.

MONDAY, NOVEMBER 22, 1915.

REHEARING DENIED FRIDAY, APRIL 7, 1916.

ACTION controverting the answers of a garnishee. Appeal from the action of the court in granting a new trial.—*Affirmed*.

*H. L. Robertson* and *Roadifer & Roadifer*, for appellant.

*Sims & Kuehnle* and *Crary & Crary*, for appellee.

GAYNOR, J.—On the 10th day of February, 1913, the plaintiff, Peabody Buggy Company, obtained judgment against the firm of Cooper & Collins and the individual members thereof, C. C. Cooper and T. D. Collins, for the sum of $514.20, together with attorney's fees taxed at $35.42, and costs.

GARNISHMENT: controverting answer of garnishee: jury question: partnership funds.

On the 26th day of February, 1913, an execution was issued on this judgment against

the defendants, and under said execution a notice of garnishment was duly served upon the garnishee defendant herein, First National Bank of Woodbine. In pursuance of such notice, the said garnishee appeared, on the 31st day of March, 1913, and made answer by and through its cashier, George W. Coe. Said answer was taken before a commissioner agreed upon for that purpose. It was stipulated and agreed that the answer, when taken, should be filed in this cause, and was so filed. The plaintiff, not being satisfied with the answers so taken and filed in said cause, did, on the 7th day of April, 1913, file a pleading controverting the answer of the garnishee, as follows:

"Comes now the plaintiff, and, for its pleading controverting the answer of the garnishee filed herein, states that during the years 1910, 1911 and 1912 the defendants C. C. Cooper and T. D. Collins were engaged in business together at Charter Oak, Iowa, as a partnership, under the firm name and style of Cooper & Collins, keeping their partnership funds and transacting their banking business in the Farmers' State Bank at said place; that during the years 1910 and 1911 the defendant, T. D. Collins, wrongfully and fraudulently, without the knowledge or consent of his partner, the said C. C. Cooper, issued checks, under the firm name of Cooper & Collins, against funds on deposit in said Farmers' State Bank and sent the same to the First National Bank of Woodbine, Iowa, garnishee herein, which said bank received said checks and collected the amount of the same and appropriated the proceeds thereof to its own use and benefit and in discharging, in part, the individual indebtedness and account of the said T. D. Collins to said bank, said checks being in the following amounts and issued at the following dates, respectively: One for $529.15, dated January 6, 1910; one for $521.77, dated May 2, 1910; one for $30, dated July 9, 1910; one for $380.30, dated November 7, 1910; one for $50, dated June 5, 1911, that such appropriation of the proceeds of said checks, and each of them, was in fraud of the rights and interests of the said firm

of Cooper & Collins, and of the defendant, C. C. Cooper, a member of said firm, and that by reason thereof the said garnishee is now indebted to the said firm of Cooper & Collins, after allowing the said garnishee for all just and proper credits of any nature whatever, in a sum in excess of $1,000; that plaintiff denies that the proceeds of said checks or of either of them were applied by said garnishee upon any note or obligation of the defendant, C. C. Cooper, and denies each and every other matter set forth in the answer of said garnishee; that the firm of Cooper & Collins and the individual members thereof were insolvent at the time of the issuance of the checks in question, and ever since have been and still are insolvent with the knowledge of the garnishee herein.''

To the pleadings so filed, the defendant garnishee appeared and filed answer, which, so far as material to this controversy, is as follows:

''Admits that during the years 1910, 1911 and 1912 the defendants, C. C. Cooper and T. D. Collins, were engaged in business together at Charter Oak, Iowa, as a partnership under the firm name of Cooper & Collins, keeping their funds and transacting their banking business in the Farmer's State Bank at Charter Oak. Admits that during the years 1910 and 1911 the said T. D. Collins issued certain checks, under the firm name of Cooper & Collins, drawn upon the funds of said Cooper & Collins on deposit in the Farmers' State Bank, and sent the same to the First National Bank of Woodbine, Iowa, garnishee defendant, and that said bank received said checks and collected the amount of the same; that said checks were of the date and of amount as set out in the pleading of the plaintiff controverting the answer of the garnishee defendant. Denies each and every other allegation contained in said pleading. Specifically denies that said checks were issued without the knowledge and consent of C. C. Cooper. Admits that during the time the said C. C. Cooper and T. D. Collins were so transacting business as such copartners under the firm name of Cooper & Collins, the said C. C. Cooper and T. D.

Collins executed their joint notes to the First National Bank of Woodbine, Iowa, for the following amounts: $526.45, $500 and $50. That the said notes so executed were executed for the use and benefit of said copartnership, and the indebtedness represented by said notes was in truth and in fact an indebtedness of said copartnership. That the checks referred to the answer of the garnishee defendant, and set out in the pleading controverting said answer, were each applied in payment of the indebtedness of said copartnership, represented by the joint notes of the said C. C. Cooper and T. D. Collins. That during the time the said C. C. Cooper and T. D. Collins were so transacting business under the firm name of Cooper & Collins, the said T. D. Collins executed to the garnishee defendant his individual note in amount $84.25; that said note so executed by the said T. D. Collins for the use and benefit of said copartnership and the indebtedness represented by said note, was in truth and in fact an indebtedness of said copartnership. That the check first referred to in garnishee defendant's answer and described in plaintiff's reply, controverting said answer, as dated May 2, 1910, amount $30, was applied in payment of the indebtedness of said copartnership represented by said note to T. D. Collins. That during the time the said C. C. Cooper and T. D. Collins were transacting business under the firm name of Cooper & Collins, the said T. D. Collins executed to the garnishee defendant his individual note in amount $721, signed by T. D. Collins and by E. R. Mattox and W. J. Chambers as sureties; that the said note so executed was executed for the use and benefit of said copartnership, and the indebtedness represented by said note was in truth and in fact an indebtedness of said copartnership; that the check referred to in garnishee defendant's answer as Exhibit 'B' and set out in plaintiff's reply controverting said answer, was applied in payment of said indebtedness of said copartnership represented by said note. That during the years 1910 and 1911, the checks described in the answer of garnishee defendant and set out in plaintiff's pleading controverting said

answer were issued and delivered to garnishee defendant to be used in payment of certain notes held by garnishee defendant, which notes were signed by C. C. Cooper and T. D. Collins, sole members of said copartnership, and also in payment of certain notes held by said garnishee defendant signed by T. D. Collins, and T. D. Collins, E. R. Mattox and W. J. Chambers.''

The garnishee further pleads that it received said checks and applied the proceeds thereof in the payment of said notes.

The balance of defendant's answer is the pleading of affirmative matter upon which garnishee predicates an estoppel, and further matter upon which it predicates a claim that plaintiff cannot maintain this action in the form in which it is presented, challenging also the jurisdiction of the court to herein determine the issue.

At the conclusion of plaintiff's testimony, the court, on the motion of garnishee, directed the jury to return a verdict for the garnishee, which was accordingly done. Thereafter, on the 24th day of November, 1913, the plaintiff filed a motion to vacate and set aside the order and judgment of the court withdrawing the case from the jury, and discharging the garnishee. On the 28th day of November, 1913, the court sustained the motion to set aside the order directing the jury to return a verdict for garnishee and the order discharging garnishee, and ordered a new trial of the cause. From this last order, the garnishee appeals.

In the view that we take of this case and of the issues tendered, it is not necessary for us to consider many of the matters urged by appellant in argument. It appears that, by consent of all parties, the answers of the garnishee, in response to the notice of garnishment, were taken and filed in the cause. These answers tended to disclose just what is contended for by the garnishee in its answer to the pleading controverting the answer of the garnishee, to wit, that Cooper and Collins were a partnership and had certain funds deposited in the name of the partnership in the Farmers' State Bank at Charter Oak; that T. D. Collins, a member of the

firm, drew checks upon this fund in favor of the garnishee defendant; that these checks were signed by him in the name of the partnership; that they were delivered to the First National Bank of Woodbine and by it cashed; or, in other words, the First National Bank, on these checks so signed, withdrew from the Farmers' State Bank the funds there on deposit in the name of the partnership and belonging to the partnership, the checks being as follows: One for $529.15, dated January 6, 1910; one for $521.77, dated May 2, 1910; one for $30, dated July 9, 1910; one for $380.30, dated November 7, 1910; one for $50, dated June 5, 1911, making a total amount drawn by these checks from the copartnership account at the Farmers' State Bank of $1,510.92. The garnishee bank, in accounting for this fund so received, claimed that, during the time that the copartnership existed, the partners executed their joint notes to the defendant garnishee for the following sums: $526.45, $500 and $50; that T. D. Collins executed to the garnishee defendant his individual note for $84.25; that the proceeds of these checks were used in discharging this indebtedness. The indebtedness claimed to have been represented by these notes, as before set out, amounted to $1,160.70. This is the way the garnishee undertook to account for the amount so received upon these checks. If this was all that the bank had against the firm upon which these checks could be applied, then there would be a balance in the hands of the garnishee bank, unaccounted for, realized from the proceeds of these checks, of $350.92.

The garnishee, however, claimed that it had disposed of all the proceeds of the checks in satisfaction of the indebtedness owed to it from either Collins and Cooper as a firm, or from T. D. Collins, and pleaded, in addition to the matters hereinbefore set out, that T. D. Collins executed to the garnishee his individual note in the amount of $721, signed by T. D. Collins and E. R. Mattox and W. J. Chambers as sureties, claiming that this note, with all the other notes, was executed for the use and benefit of the copartnership, and

that the indebtedness represented by the notes was, in truth and in fact, the indebtedness of the copartnership. If the garnishee's contention is true, then the total amount of notes held by the garnishee against the firm, or against T. D. Collins, would amount to about $1,881; and if garnishee's contention is true, there would be nothing due to the partnership on account of the checks so delivered to it by T. D. Collins.

At the conclusion of the testimony, the court, assuming that this $721 was actually paid by the defendant garnishee out of the proceeds of the checks, directed a verdict for the garnishee. Thereafter, the court, its attention being called to the testimony of Collins, given upon the trial, that the amount represented by the note of $721 had been reduced to judgment and the judgment paid, not by the garnishee out of the proceeds of the checks, but by the sureties on the note, E. R. Mattox and W. J. Chambers, concluded that there was a question of fact as to what disposition was made, or as to how this $721 was, in fact, paid; whether it was paid by the bank out of the proceeds of these checks, as claimed by the bank, or whether it was paid by the sureties of the note out of their individual funds. The court thereupon concluded that there was a jury question as to this fact, and sustained the motion setting aside his former order discharging the garnishee, and ordered a new trial.

There is no dispute in this record as to the amount received by the garnishee upon these checks drawn by T. D. Collins in the firm name. There is no dispute that the funds upon which these checks were drawn belonged to the firm. There is no question that the garnishee received the proceeds of these checks. The garnishee has undertaken to account for the disposition made of the money so received. So far as this record at present shows, there is no controversy as to the disposition made of the proceeds of these checks, except that involved in the claim of the garnishee that it paid out of the proceeds of the checks the note of $721, signed by T. D. Collins, and E. R. Mattox and W. J. Chambers as sureties. If

they actually paid this out of the funds received from these checks, then on its contention it has paid out the full amount of the checks on obligations, either of the firm or of members of the firm; but, if it did not pay this $721 out of the funds created by these checks, then there would be at least $1,000 of the funds, and perhaps something more, still in their hands unaccounted for. The fund upon which these checks were drawn belonged to the partnership. Whatever proceeds remained in the hands of the garnishee bank, after satisfying all legal obligations, belonged to the copartnership. The judgment was against the copartnership, and the copartnership could have maintained an action to recover these funds on demand. The garnishee after garnishment had the same right as its creditors would have to the funds; no better, of course, but no worse.

We cannot accept the appellant's construction of the pleading controverting the answers of the garnishee. When, by agreement, the answers of the garnishee were taken, if those answers had disclosed an indebtedness from the garnishee to the execution defendant, the plaintiff, on motion, could have had the funds, so shown to be in the hands of the garnishee, condemned to the payment of his claim. If the answers of the garnishee disclosed no indebtedness, and no pleading was filed controverting the answers, the garnishee could have been discharged upon motion, and could base his discharge upon the answers made. When the plaintiff became dissatisfied with the answers of the garnishee, he had a right, under the statute, to controvert those answers. To controvert is to deny. A pleading which by fair construction denies the truth of the answers made by the garnishee puts the answers in issue.

The pleading in this case, in express terms, denies the answers of the garnishee. The answers of the garnishee disclosed that the funds received by it, through these checks, were received through checks drawn upon the execution defendant's account in the bank at Charter Oak by one of the partners. The garnishee undertook to account for the dispo-

sition of this fund, and if its answers were not controverted, we assume that the court would have followed its original lead and directed that the garnishee be discharged. The plaintiff, in his pleading controverting the answers, alleged that the sum so received by the garnishee upon the checks aforesaid was not only received by the bank, but that the bank had used a portion of it in discharging the individual indebtedness of T. D. Collins; that it had appropriated the balance to its own use; that, on account of the matters so pleaded, the garnishee was indebted to the firm of Cooper & Collins (after allowing the said garnishee all just and proper credits of any nature whatever) in a sum in excess of $1,000; and plaintiff further denied in his pleading controverting the answers of the garnishee that the proceeds of such checks were applied by said garnishee upon any note or obligation of the defendant, C. C. Cooper, and denied each and every other matter set forth in the answer of the garnishee. This was a clear and explicit pleading controverting the answers of the garnishee, and putting the answers of the garnishee in issue. The garnishee had assumed in its answers and in its pleading to account for this fund. It admitted its receipt and undertook to show affirmatively what disposition had been made of it. There was but one question before the court at the time that it sustained the motion setting aside the order discharging the garnishee, to wit: Is there a question of fact for the determination of the jury whether the whole fund received by the garnishee bank has been appropriated by it to the payment of claims held by it against Cooper & Collins or the individual members, and is any of that fund left in the hands of the bank for which it should be required to account to the firm of Cooper & Collins? If there was, in fact, any portion of that fund left in garnishee bank's hands, unappropriated, which belonged to the firm of Cooper & Collins, plaintiff reached it by the garnishment proceedings. The court simply held that there was a question of fact upon

that issue that should have gone to the jury for its determination, and therefore reversed its action discharging the garnishee. This construction of the pleading and of the action of the court precludes us from considering many questions urged by counsel for appellant.

We find no reversible error in the action of the court, and the cause is—*Affirmed.*

DEEMER, LADD and SALINGER, JJ., concur.